**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

ACCESS 4 ALL INCORPORATED
and JOE HOUSTON,

      Plaintiffs,

v.

SUNSHINE REAL ESTATE HOLDINGS,
LLLP,

      Defendant.

_____/

## COMPLAINT

Plaintiffs, ACCESS 4 ALL INCORPORATED and JOE HOUSTON, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sue SUNSHINE REAL ESTATE HOLDINGS, LLLP (hereinafter "Defendant"), and as grounds allege:

JURISDICTION, PARTIES. AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.      Plaintiff, JOE HOUSTON, is an individual over eighteen years of age, with a residence in Broward County, Florida, and is otherwise *sui juris*.

5.      Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not For Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6.      At all times material, Defendant, SUNSHINE REAL ESTATE HOLDINGS, LLLP, a Foreign Limited Partnership, owned and/or operated a place of public accommodation located 600 NW 27th Ave Fort Lauderdale, Florida 33311 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

7.      At all times material, Defendant, SUNSHINE REAL ESTATE HOLDINGS, LLLP, was and is a Foreign Limited Partnership, incorporated under the laws of the State of Delaware, with its principal place of business in New Castle, Delaware. SUNSHINE REAL ESTATE HOLDINGS, LLLP, holds itself out to the public as "Exxon Mobil."

8.      Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Broward County, Florida, Defendant regularly conduct business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

FACTUAL ALLEGATIONS

9.      Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

10.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's businesses and

properties.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

12.     Plaintiff, JOE HOUSTON, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOE HOUSTON, is substantially limited in major life activities due to his impairment and requires the use of a wheelchair to ambulate. He has very limited use of his hands and cannot operate any mechanisms, which require tight grasping or twisting of the wrist. Plaintiff, JOE HOUSTON, is also a member of the organization, ACCESS 4 ALL INCORPORATED, discussed below.

13.     Defendant, SUNSHINE REAL ESTATE HOLDINGS, LLLP, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

14.     The subject Commercial Property is open to the public and is located in Fort Lauderdale, Broward County, Florida.

15.     The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on or about June 10, 2021 and January 24, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and businesses located therein.  He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, to perform services including but not limited to recruitment of new members on behalf of ACCESS 4 ALL INCORPORATED, because it is approximately eleven (11) miles from his residence, and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the

Commercial Property within two (2) months of the filing of this Complaint, specifically on or before April 25, 2022.

16.     Plaintiff resides nearby in the same County and state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendant's Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his residence and other businesses that he frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint, specifically on or before April 25, 2022.

17.     The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

18.     ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. Plaintiff, JOE HOUSTON, has also been discriminated against because

of its association with its disabled members and their claims.

19.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOE HOUSTON, and others similarly situated.

20.     Defendant, SUNSHINE REAL ESTATE HOLDINGS, LLLP, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, SUNSHINE REAL ESTATE HOLDINGS, LLLP, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, SUNSHINE REAL ESTATE HOLDINGS, LLLP, owns and operates the Commercial Property Business located at 600 NW 27th Ave Fort Lauderdale, Florida 33311.

21.     Plaintiffs, ACCESS 4 ALL INCORPORATED and JOE HOUSTON, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Count I of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property

and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

22.     Defendant, SUNSHINE REAL ESTATE HOLDINGS, LLLP, as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Count I.

23.     Plaintiff, JOE HOUSTON, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but not necessarily limited to the allegations in Count I of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to assure himself that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

24.     Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or

accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I – ADA VIOLATIONS**
**AS TO SUNSHINE REAL ESTATE HOLDINGS, LLLP.**

25.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26.    Defendant, NEW GLOBAL HOLDINGS, INC., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

   A.  Parking and Exterior Accessible Route

   i.    Accessible space and aisle located in the vehicular way preventing Mr. Houston's safe unloading violating 2010 ADAS Section 502, solution is readily achievable.

   ii.   Access aisle is not part of a compliant accessible route to enter the building, preventing Mr. Houston's from safely accessing facilities violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards, the solution is readily achievable.

   iii.  Slopes, cross-slopes and level changes in accessible space and aisle prevented Mr. Houston's safe unloading from vehicles and violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards, the solution is readily achievable.

   B.  Entrance Access and Path of Travel

   i.    Improper walks impede Mr. Houston's path of travel to enter Exxon and travel between the store interior and sidewalks and public transit violating the ADAAG and 2010 ADAS Sections 402 and 403, where the solutions are readily achievable.

7

ii. The curb ramp contains changes in level that impede Mr. Houston's ability to get into the Exxon Mobil Market and violates Sections 405 and 406 of the 2010 ADAS.

    C. Access to Goods and Services

i. Mr. Houston could not use the restroom due to stored items obstructing access to the entry impeding maneuvering space and violating the ADAAG and ADAS Section 404.

ii. Rear bar is < 36" and obstructed by a toilet paper roll and a spray bottle due to policy failure violating ADAAG Section 4.16 and ADAS Section 604.

iii. Mr. Houston could not safely use the Exxon Mobil restroom water closet as the flush control valve is not mounted on the wide side violating ADAAG and ADAS Section 604,

iv. Mr. Houston could not use the Exxon restroom lavatory as a garden hose obstructs the required knee and toe space violating the ADAAG and 2010 ADAS Section 606.

v. Mr. Houston could not use the Exxon restroom paper towels and exit door obstructed by a stored trash can violating the ADAAG and 2010 ADAS.

vi. Mr. Houston could not use the Exxon restroom toilet paper and soap which are improperly located and obstructed violating the ADAAG and 2010 ADAS.

**RELIEF SOUGHT AND THE BASIS**

27. The discriminatory violations described in Counts I are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOE HOUSTON, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests

to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

28.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently

than other individuals because of the absence of auxiliary aids and services.

30.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

33.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates their businesses, located at and/or within the commercial property located at 600 NW 27th Ave Fort Lauderdale, Florida 33311, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the

facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, The Plaintiffs, ACCESS 4 ALL INCORPORATED and JOE HOUSTON, respectfully request that this Honorable Court issue (i) a Declaratory Judgment determining that Defendant at the commencement of the subject lawsuit was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 28, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiffs*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
          dperaza@lawgmp.com

By: ___/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713

11